UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America            ) | CR. NO.: 3:02-548-CMC |
| )  | |
| v.                                              ) | |
| )  | **OPINION and ORDER** |
| Marquel Dushaun Riley,              ) | |
| )  | |
| Defendant,                 ) | |
| _____) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. In his response in opposition to the Government's motion for summary judgment, Defendant seeks to combine Grounds Three and Twelve of his motion, and to amend Ground Six. Additionally, Defendant "concedes to the dismissal of each non-jurisdictional claim[] . . . [and] that each jurisdictional [sic] claim being waived for the remainder of this proceeding be dismissed without prejudice." Resp. to Gov't Mot. at 1 (Dkt. #3456, filed June 6, 2011). For the reasons set forth below, the court **grants** the Government's motion for summary judgment and dismisses Defendant's motion with prejudice.

**BACKGROUND**

In July 2002, Defendant, together with forty-two (42) co-defendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846.[1]

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On

---

[1] The original indictment was superseded three times to add charges relating to other defendants. However, the charges against Defendant did not change.

1

March 17, 2004, Defendant was sentenced to 272 months' imprisonment.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that error committed by this court under *Booker v. United States*, 543 U.S. 220 (2005), was not harmless, and vacated Defendant's sentence and remanded to this court for resentencing.

Defendant appeared for resentencing on July 28, 2008. After considering the relevant statutory factors under 18 U.S.C. § 3553(a) and the advisory sentencing guidelines, this court granted Defendant's motion for a variance and sentenced Defendant to 200 months' imprisonment.

Defendant again appealed. On January 10, 2010, the Fourth Circuit Court of Appeals affirmed Defendant's sentence. *United States v. Riley*, 359 F. App'x 402 (4th Cir. 2010).

Defendant filed this motion for relief on December 23, 2010.[2] In his original motion, Defendant asserted twelve Grounds for relief. On May 6, 2011, Defendant moved to consolidate Grounds Three and Twelve, which this court granted. In response to the Government's motion for summary judgment, Defendant "concedes to the dismissal of each non-jurisdictional claims, [except] 'Ground Three' and 'Ground Twelve[,]' . . . ." Resp. at 1 (Dkt. #3456, filed June 6, 2011). However, Defendant also "request[s] that each *jurisdictional* claim being waived for the remainder of this proceeding be dismissed without prejudice." *Id*. (Emphasis added.) Except for argument relating to Grounds Three, Twelve, and a motion to amend Ground Six, Defendant has presented no argument in opposition to the Government's motion for summary judgment as to his other Grounds for relief. Therefore, for the reasons stated by the Government, which the court adopts and incorporates in this Order, the Government's motion for summary judgment is **granted** as to

---

[2]Defendant's motion was received for filing by the Clerk on December 28, 2010. However, as Defendant is incarcerated, he receives the benefit of the "prison mailbox rule" as delineated in *Houston v. Lack*, 487 U.S. 266 (1988).

2

Grounds One, Two, Four, Five, Seven, Eight, Nine, Ten, and Eleven, and they are dismissed with prejudice.

### GROUNDS THREE AND TWELVE

Defendant contends that counsel was ineffective in failing to appeal this court's conversion of power to "crack" cocaine at sentencing and in failing to appeal the gun enhancement which was applied at sentencing. For the reasons stated by the Government in its Supplemental Response to Defendant's Motion for Relief, which this court adopts and incorporates in this Order, the Government is entitled to summary judgment on Grounds Three and Twelve.

### GROUND SIX – INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground Six of Defendant's original motion, Defendant contends that counsel was ineffective in failing to "seek a favorable plea bargain and other option in which he, [Defendant], could have pled, without having to 'cooperate with the government' . . . nor did he advise me o[f] any other options in which I could have pled, without having to cooperate with the government." Mot. at 6 (Dkt. #3335). In his response to the Government's motion for summary judgment, Defendant seeks to amend this Ground to assert that counsel was ineffective in failing to "reasonably advise [Defendant] of his sentencing exposure under the sentencing guidelines applicable to the facts of his case." Resp. at 2. Defendant contends that "[h]ad I been informed that[] my sentence could possibly be as low as 115 months, without becoming a cooperating government witness, I would have entered an open plea of guilty, instead of going to trial." Resp. at 3. The court grants Defendant's motion to amend and addresses it below.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show

that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id.* at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id.* at 689-91.

Initially, the court notes that Defendant's original contention that counsel failed to advise him that he could plead guilty without having to cooperate with the Government is belied by his later assertions regarding the advice counsel actually gave him. According to Defendant's own admission, counsel advised him that "based on the amount of drugs involved in the case and the evidence that most of the drugs were converted into crack cocaine and the number of weapons confiscated from my codefendants, I would probably receive 20 years upon a plea of guilty, and 30

4

years[] if found guilty at trial." Resp. at 2. While Defendant contends that counsel never explained how he reached these estimated periods of incarceration, they were just that: reasonable estimations of Defendant's incarceration exposure based upon the circumstances which existed.

Even assuming for purposes of this motion that counsel was somehow ineffective, Defendant fails to establish prejudice. Defendant received a sentence of 200 months' imprisonment, below both the 20 and 30 years' imprisonment predicted by counsel. Moreover, Defendant would not have been eligible for a sentence as low as 115 months' imprisonment. While Defendant indeed only had one (1) criminal history point, he would not have been eligible for the "safety valve" provision of the guidelines, U.S.S.G. § 5C1.2, because he was enhanced at sentencing for his *personal* possession of a firearm. This precluded any application of § 5C1.2.

### CONCLUSION

Defendant's motion to amend (Dkt. #3456) is **granted**. The Government's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 18, 2011