UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:02-548-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Marquel Dushaun Riley, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

      This matter is before the court on Defendant's motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 3498 (filed Agu. 5, 2011). The Government has not responded to Defendant's motion.

      The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990). Neither of the first two circumstances applies in this matter. Therefore, the court believes Defendant seeks to "correct a clear error of law or prevent manifest injustice."

      Defendant maintains that this court erred in failing to address the argument contained in his Memorandum in Support of his Motion to Amend regarding the application of *United States v.*

1

*McAllister*, 272 F.3d 228 (4th Cir. 2001), to his case. Defendant contends that *McAllister* applies to the facts of his case and that counsel should have appealed the application of the gun enhancement under U.S.S.G. § 2D1.1.

In *McAllister*, the defendant was convicted of possession with the intent to distribute cocaine, not conspiracy. *United States v. McAllister*, 272 F.3d 228, 230 (4th Cir. 2001). In *McAllister*, the Fourth Circuit noted that "the Government need only show that the weapon was possessed during the relevant illegal drug activity." *Id*. In the case at bar, the "relevant illegal drug activity" was Defendant's substantial involvement in a broad drug distribution conspiracy that lasted many years. Therefore, *McAllister* is inapplicable to this case.

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 19, 2011

2